STATE ex rel. GRAY, etc., Appellant, v. THE ACTIVE BUILD-
ING AND LOAN ASSOCIATION No. 1, Defendant; L. E.
GRAGG, CHARLES M. BUCK and THIRD NATIONAL BANK,
Respondents.

### St. Louis Court of Appeals, May 16, 1899.

**Building and Loan Association**: COMMISSIONER: PREFERENCE. In
determining the right of preference, in the case at bar, the important
and pivotal question is, was the association solvent at the time the
notice of withdrawal was given and accepted? If so, there can be
no question, neither on principle nor under the authorities, that the
acceptance of the notice terminates the membership and the stock-
holder *eo instanti* becomes a creditor of the association. Held, that
nothing can prevent this result except the insolvency of the company
at the time.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge,

AFFIRMED.

THOMAS A. RUSSELL for receiver.

The point relied upon by respondents is that when their
withdrawals were given the association was solvent. We con-
tend that the rule as laid down in Christian's Appeal, *supra*,
and adopted by the supreme court of this state in the Hohen-
shell case, *supra*, all withdrawing members of a building and
loan association are precluded from any preference over the
other stockholders, after the association has become insolvent,
whether the association was solvent or insolvent at the time the
notice was given makes no difference; for as is said in that case
the claims of both are based upon their relation to the associa-
tion as members, as holders of stock, and the mere giving of
notice of withdrawal does not metamorphize the stockholder
and make of him a creditor, *eo instanti*. Endlich, in his work

on Building and Loan Associations [2 Ed.], sec. 514, says: "There is nothing in the mere fact that one has given a certain number of days' notice that he wants his money, whereby he is *ipso facto*, invested with an equity to receive it superior to that of one who has not given such notice. There is therefore nothing to counterbalance, much less outweigh, the inequitableness of permitting him to take the fund belonging to his fellows in order to pay himself.

C. W. Buck for respondent.

Claimant submits that he is not in the position of one who has attempted to change the status of affairs for the purpose of giving him the preference over the other stockholders, but that he had withdrawn for more than a year, had waited for the promised payment, and when he made said settlement, it was a *bona fide* settlement of his claim against said association, and when he took said note he took it in good faith as payment. This claimant further claims that the decision of the commissioner was a judgment in this case, and in order to appeal from same it was necessary for said defendant to present a bill of exceptions in due form, which was not done.

E. P. Johnson for appellant.

As soon as respondent perfected her right as a withdrawing member, *eo instanti* she ceased to be a member and assumed the exclusive character of a creditor. Endlich on B. & L. Ass'ns [1 Ed.], sec. 136. The withdrawing stockholder severs the relationship with the association, and establishes the relation of debtor and creditor between them, and to deny his claim as a general creditor and place him in the category of a stockholder, when the association fails and is placed in the hands of a receiver, is simply a flagrant violation of a contract, unless insolvency of the corporation at the time of withdrawal

is shown. McNab v. Southern Mut. B. & L. Ass'n, and Mooer v. Same, 50 S. C. 89. The latter case is directly in point and conclusive of the one at bar. It seems to have been the only one that ever reached a court of last resort in this country, where the association was solvent when the stockholder withdrew. In the case of Hohenshell v. Home B. & L. Ass'n, 140 Mo. 566, great stress is laid throughout the opinion on the fact that the association was insolvent at the time of the withdrawal, so much so that it can be read between the lines all through the opinion, that if this fact had been otherwise, the opinion would have been different.

BIGGS, J.—There are three cases included in this record. The controlling of material facts in each are the same. Lucy E. Gragg, Charles M. Buck and F. M. Estes, assignor of the Third National Bank of St. Louis, were at one time members and the holders of unpledged stock in the Active Building and Loan Association No. 1, the defendant herein. The association became insolvent, when by order of the circuit court its business was placed in the hands of the plaintiff as state supervisor of building and loan associations. The court appointed a commissioner to allow and classify demands against the association. The by-laws of the association contain this provision, to wit: "A member holding free shares in any series of the association may withdraw as to said shares by giving one month's notice in writing at a regular meeting. At the next regular meeting or sooner at the option of the board of directors, he shall receive an order on the treasurer for the full value of said shares as shown by the books of the association at the close of the last preceding quarter." This by-law conforms to the requirements of the statute. (R. S. 1889, sec. 2810.) Mrs. Gragg, Buck and Estes gave this notice long prior to the appointment of a receiver, and at a time when the association was solvent. The amounts due under the respective claims were ascertained by the officers of the association and the

parties were notified. In the settlement of the claims of Buck and Estes the association gave its notes. The latter sold his note to the Third National Bank. The commissioner decided that these parties were creditors, and their demands were allowed and classified in preference to the claims of other stockholders. The circuit court confirmed the action of its commissioner. The supervisor has appealed to this court.

The attorney for the appellant concedes that the applications of the respondents for the withdrawal of their shares were regular; that the withdrawals were allowed, and that at that time the association was solvent. Notwithstanding these concessions the attorney makes the contention that in administering the assets of the association, which subsequently became insolvent, equity requires that the withdrawals should be disregarded and the holders thereof be treated as ordinary stockholders. It is claimed that this is the ruling of the supreme court in Hohenshell v. Home Savings and Loan Association, 140 Mo. 566. It is clearly stated in the opinion in that case that at the time the withdrawal was allowed the association was insolvent. On page 577 Judge Burgess says: "The charter and by-laws of the association do not, we think, create any such preference in favor of the withdrawing stockholders as against other stockholders, when the association is insolvent at the time, as in the case at bar, and it makes no difference whether the stockholder withdrawing knew of the insolvency at the time or not."

In determining the right of preference in cases like we have here the important and pivotal question is, was the association solvent at the time the notice of withdrawal was given and accepted? If so, there can be no question SOLVENCY. either on principle or under the authorities that the acceptance of the notice terminates the membership, and the stockholder *eo instanti* becomes a creditor of the association. This is the plain contract made by the by-laws of the association and the statute. Nothing can

prevent this result, except the insolvency of the company at the time. (Moore v. B. & L. Ass'n, 50 S. C. 89.) It being conceded that the defendant association was solvent at the time the withdrawals were allowed and remained so for a long time thereafter, the judgment of the circuit court confirming the report of the commissioner will be affirmed. All the judges concur.